**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

BRUCE NORMAN HEDGES,

       Petitioner,

    v

MATTHEW CATE,[1]

       Respondent.

No.  C-07-01415-DLJ

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

On September 27, 2007, Petitioner Bruce Norman Hedges ("Petitioner") filed a petition for writ of habeas corpus. On February 27, 2008, Respondent Matthew Cate ("Respondent") filed an answer. On March 31, 2008, Petitioner filed a traverse. Having considered the papers submitted and the applicable law, the Court hereby DENIES the petition.

### I. BACKGROUND

**A.**   <u>**Factual Background and Procedural History**</u>

On November 14, 1980, armed with a loaded handgun, Petitioner broke into his employer's home. Pet. Ex. C at 83-84. He kidnapped his employer's wife, shot her in the back of the head, and disposed of her body in the Stanislaus River Canyon. <u>Id.</u> at 84. In March 1982, Petitioner was convicted of burglary, robbery, kidnapping, and first degree murder. He was sentenced to twenty-five years to

---

[1] At the time the instant petition was filed, Petitioner named James E. Tilton, the former Secretary of the Department of Corrections and Rehabilitation, as Respondent. At that time, Tilton was a proper respondent. <u>See</u> <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996). Matthew Cate has since replaced Tilton as the Secretary of the Department of Corrections and Rehabilitation. As a result, the Court hereby orders that Cate be substituted as the respondent.

life and has been incarcerated at Avenal State Prison.

At the time Petitioner was sentenced, California Penal Code § 3041 entitled him to annual parole suitability hearings. During the time Petitioner has been incarcerated, however, the statute was amended to allow the Board of Parole Hearings ("BPH") to defer his parole suitability hearings for up to five year intervals.

BPH denied Petitioner parole on September 10, 1997, September 11, 2002, and April 11, 2006. In its April 11, 2006 denial, the BPH concluded that Petitioner posed an "unreasonable risk of danger to society or a threat to public safety." Pet. Ex. C. at 80. The BPH concluded that Petitioner was unsuitable for parole because he carried out the commitment offense "in an especially cruel and callous manner," and because he had a "long record of violent and assaultive criminality," including "a history of not only street crimes but severe violent acts that could have caused multiple deaths." Pet. Ex. C at 80-85. The BPH also found that Petitioner's need for self-help and therapy, as well as his disciplinary violations, made him unsuitable for parole. Pet. Ex. C at 82-85. Finally, the BPH took into account such factors as the San Joaquin County District Attorney's opposition to Petitioner's release on parole. Pet. Ex. C at 80-85; Ex. E at 5. As a result, the BPH denied parole and deferred Petitioner's next parole suitability hearing for five years. Pet. Ex. C at 85-86.

On November 15, 2006, Petitioner filed a petition for writ of habeas corpus in San Joaquin County Superior Court. The petition was denied on February 14, 2007. On March 16, 2007, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on March 22, 2007. On April 11, 2007, Petitioner filed

a habeas petition in the California Supreme Court, which was denied
on August 15, 2007.

On September 27, 2007, Petitioner filed the instant petition in
the United States District Court, Eastern District of California.
On November 11, 2008, the court issued an order reassigning the
case to this Court for all further proceedings. On November 17,
2008, Petitioner submitted a Request for Judicial Notice regarding
the California Legislature's recent amendment of California Penal
Code § 3041.5, which authorizes the BPH to deny an inmate a parole
suitability hearing for up to fifteen years.

In the instant petition, Petitioner seeks relief on the
following grounds: that the state court's decision (1) violates his
rights under the Due Process Clause of the Fourteenth Amendment,
(2) violates the Ex Post Facto Clause of the United States
Constitution, and (3) violates his rights under California Penal
Code § 3041.

**B.** **Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA") allows an inmate in state custody to seek a writ of
habeas corpus in federal court. 28 U.S.C. § 2254. Under AEDPA, a
writ of habeas corpus may not be granted unless the state court's
adjudication of any claim on the merits: "(1) resulted in a
decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by
the Supreme Court of the United States; or (2) resulted in a
decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the State court
proceeding." 28 U.S.C. § 2254(d).

**II. DISCUSSION**

**A.  Procedural Bars**

The parties do not dispute that the instant petition is timely, that venue is proper, and that none of Petitioner's claims are procedurally defaulted.  There is some uncertainty as to whether some of Petitioner's claims have been exhausted in state court, but the Court need not reach this issue because, as described below, all of Petitioner's claims fail on the merits.

**B.  Due Process Claims**

**1.    Parole Suitability Determination**

As a matter of federal due process, California inmates possess a liberty interest in parole.  See Irons v. Carey, 505 F.3d 846, 850 (9th Cir. 2007).  In order to comport with due process, a parole suitability determination must be supported by "some evidence."  Id. at 851.  "Some evidence" is "any evidence in the record" that could support the BPH's conclusion.  Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006).  What constitutes "some evidence" is determined according to state law. See Irons, 505 F.3d at 851.

Here, Petitioner contends that the BPH's decision was not supported by "some evidence" because his commitment offense and the San Joaquin County District Attorney's opposition to parole do not constitute "some evidence."  Petitioner is incorrect.  California law requires that the BPH consider various factors, including Petitioner's commitment offense, as well as public opinion regarding Petitioner's release, to determine whether Petitioner is suitable for parole.  See Cal. Code Regs. tit. 15, §§ 2402(b)-(d),

1   2028(a); Cal. Penal Code § 3043.5(b).  As a result, these

2   considerations constitute "some evidence" in support of BPH's

3   decision.

4       In addition, Petitioner claims that the BPH improperly relied

5   on a 2002 psychological evaluation of Petitioner.  This argument is

6   misplaced, because the BPH did not rely on the 2002 psychological

7   evaluation when it determined that Petitioner was unsuitable for

8   parole.  Pet. Ex. C at 82.  Even if the BPH did rely on the 2002

9   psychological evaluation, however, as a matter of California law,

10  psychological evaluations constitute "some evidence."  <u>See</u> Cal.

11  Code of Regs. tit. 15, § 2402(b).

12      Accordingly, Petitioner's claim that the California court's

13  decision is contrary to, or an unreasonable application of, clearly

14  established federal law fails.  In addition, the state court's

15  decision was not an unreasonable determination of the facts in

16  light of the evidence presented.

17  **C.  <u>Ex Post Facto Claim</u>**

18      Petitioner claims that the state court's decision upholding the

19  BPH's decision to set his parole hearings at five year intervals

20  under the amended California Penal Code § 3041, rather than at one

21  year intervals under the former version of the statute, violates the

22  Ex Post Facto Clause of the United States Constitution.

23      The Constitution prohibits the states from passing any "ex post

24  facto Law."  U.S. Const., Art. I, § 10.  The Supreme Court has

25  expressly held that the amended California Penal Code § 3041,

26  allowing for five year intervals between parole hearings, does not

27  violate the Ex Post Facto Clause of the United States Constitution.

28  <u>See</u> <u>California Dept. of Corr. v. Morales</u>, 514 U.S. 499, 506-13

1  (1995).

2      Because Petitioner's claim has already been rejected by the

3  Supreme Court, this claim fails.[2]  See id.

4  **D.  California Penal Code § 3041 Claims**

5      **1.   California Penal Code § 3041(a)**

6      California Penal Code § 3041(a) requires the BPH to set a parole

7  release date for an inmate serving an indeterminate life sentence

8  "in a manner that will provide uniform terms for offenses of similar

9  gravity and magnitude with respect to their threat to the public."

10      Petitioner claims that the BPH violated his due process rights

11  when it failed to compare Petitioner's criminal conduct against that

12  of other inmates convicted of the same offense.  This claim fails on

13  multiple fronts.  First, to the extent that Petitioner argues that

14  the BPH's failure to apply California Penal Code § 3041(a) is a

15  violation of California law, this is a state law claim not

16  cognizable in federal court.  See Estelle v. McGuire, 502 U.S. 62,

17  67-68 (1991).

18      In addition, Petitioner was not entitled to a "uniform terms"

19  determination under § 3041(a).  An analysis of a prisoner's threat

20  to public safety under California Penal Code § 3041(b) precedes the

21  setting of a uniform release date under § 3041(a).  See In re

22  Dannenberg, 34 Cal. 4th 1061, 1081-82 (2005).  Because the BPH found

23  Petitioner unsuitable for parole under California Penal Code

24

25      [2]  As noted above, on November 17, 2008, Petitioner filed a
26  Request for Judicial Notice, seeking a declaration from this Court
   that the California Legislature's recent amendment of California Penal
27  Code § 3041.5 violates the Ex Post Facto Clause of the United States
   Constitution.  Because Respondent has never applied the amended
28  statute to Petitioner, Petitioner lacks standing to make such a
   challenge.

§ 3041(b), it was precluded from setting a uniform release date under § 3041(a). Accordingly, Petitioner had no rights under § 3041(a).

Even if the Court were to construe Petitioner's claim as a federal due process claim, the California Supreme Court has expressly held that California Penal Code § 3041(a) does not create a liberty interest in parole. See In re Dannenberg, 34 Cal. 4th at 1081-82. This Court is bound by the California Supreme Court's determination. See Gurley v. Rhoden, 421 U.S. 200, 208 (1975). As a result, this claim does not raise any issues cognizable on federal habeas review.

## 2. California Penal Code § 3041.5(b)(2)

California Penal Code § 3041.5(b)(2) provides that the BPH must communicate its denial of parole in "a written statement" that "set[s] forth the reasons for refusal to set a parole date." Cal. Penal Code § 3041.5(b)(2).

Petitioner claims that the BPH violated California Penal Code § 3041.5(b)(2) because, even though it provided him with a copy of the hearing transcript, it did not issue a separate written statement of its reasons for denying him parole. As with Petitioner's California Penal Code § 3041(a) claim, this claim is a state law claim that is not cognizable in federal court. See Estelle, 502 U.S. at 67-68.

Even if the Court were to liberally construe this claim as a federal due process claim, it fails. At a parole hearing, due process requires that a parole board communicate the reasons for its decision. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 15 (1979). Here, the BPH gave Petitioner its statement of reasons for denying parole both orally at the April 11, 2006

hearing, and in a written transcript of that hearing.  Pet. Ex. C at 80-85.  Both the oral statement of reasons and written transcript satisfy the communication requirement of Greenholtz.

### III. CONCLUSION

Based on the foregoing, the Court hereby DENIES the petition.


IT IS SO ORDERED


Dated: April 15, 2009

_____
D. Lowell Jensen
United States District Judge